IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARK ANTHONY,

                    Appellant,

    v.                                      1:05-cv-1488-WSD

OFFICE OF THE UNITED
STATES TRUSTEE,

                    Appellee.

**ORDER**

This is an appeal of the Bankruptcy Court's April 26, 2005 Order dismissing Appellant Mark Anthony's ("Appellant") case and declaring him ineligible under 11 U.S.C. § 109(g)(1) to be a debtor in another bankruptcy case for a period of 180 days.  It is before the Court on Appellee Office of the United States Trustee's ("Appellee") Motion to Dismiss [6].  Appellee argues the Court lacks jurisdiction over the appeal because Appellant's Notice of Appeal was untimely.  (Appellee's Br. in Supp. of Mot. to Dismiss at 2-5.)  Appellant did not respond to Appellee's motion, indicating he does not oppose it.  See L.R. 7.1B, N.D. Ga.

Rule 8002 of the Federal Rules of Bankruptcy Procedure requires a party wishing to appeal an order of the bankruptcy court to file its notice of appeal within

ten (10) days of the entry of the order sought to be appealed.  Fed. R. Bankr. P. 8002(a); see also Williams v. EMC Mortgage Corp., 216 F.3d 1295, 1297 n.3 (11th Cir. 2000) (recognizing the 10-day period provided for in Rule 8002(a) runs from the entry of the order, not the appellant's receipt of the order, and that, unlike 10-day periods under the Federal Rules of Civil Procedure, this 10-day period includes weekends and holidays).  Bankruptcy Rule 8002's 10-day filing requirement is jurisdictional.  Williams, 216 F.3d at 1296-98.  The district court must dismiss the appeal for lack of jurisdiction if a party fails either to comply with the 10-day filing requirement or to move pursuant to Rule 8002(c)(2) to extend the time in which to file the notice of appeal.  Id.

Here, the order to be appealed was entered on April 26, 2005.  Appellant did not move to extend the time to file his notice of appeal pursuant to Bankruptcy Rule 8002(c)(2), either prior to or after the expiration of the 10-day period.  Appellant simply filed his Notice of Appeal on May 9, 2005, thirteen (13) days after the entry of the order and three (3) days after the notice was required to be filed.  Thus, his Notice of Appeal was untimely, and his appeal must be dismissed. See Williams, 216 F.3d at 1297-98 ("[W]e cannot construe [the *pro se* appellant's] late

notice of appeal as a motion for extension of time due to excusable neglect [under Rule 8002(c)(2)].") (citations omitted).[1]

Accordingly,

**IT IS HEREBY ORDERED** that the Appellee's Motion to Dismiss [6] is **GRANTED**. The instant appeal is **DISMISSED** and the Clerk is **DIRECTED** to close this matter.

**SO ORDERED**, this 22nd day of November, 2005.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Rule 8009 of the Federal Rules of Bankruptcy Procedure provides that an appellant "shall serve and file a brief within 15 days after entry of the appeal on the docket . . . ." Fed. R. Bankr. P. 8009(a)(1). This appeal was entered on the Court's docket on June 7, 2005, and Appellant's verbal motion to proceed *in forma pauperis* was granted on September 21, 2005. To date, however, Appellant has failed to file an appellant brief. Dismissal of his appeal is warranted for this additional reason. See Fed. R. Bankr. P. 8001(a) (providing the Court in its discretion may dismiss an appeal where the appellant fails to take steps beyond the filing of a notice of appeal to prosecute his appeal); see also Nielsen v. Price, 17 F.3d 1276 (10th Cir. 1994) (affirming district court's dismissal of bankruptcy appeal based, in part, on *pro se* appellant's failure to file brief within the time designated by the court).